(No. 1816— ▌▌▌▌▌▌▌▌▌▌

ROY PERRY, ADMINISTRATOR DE BONIS NON, WITH THE WILL ANNEXED OF THE ESTATE OF DUDLEY E. PERRY, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 19, 1934.*

SUMNER & LEWIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On August 12, 1928, Dudley E. Perry was a corporal in "Company L," 130th Infantry, Illinois National Guard, in active service at Camp Grant, and while in camp there, contracted pulmonary tuberculosis in the line of his duty.

Subsequent to the August, 1928, encampment of the Illinois National Guard, Perry entered the Good Samaritan Hospital at Vincennes, Indiana, and remained there until August 30, 1929. On that date he was admitted to the Illinois Soldiers' and Sailors' Home at Quincy as a guest of the State, and remained there until his death which occurred on February 5, 1931.

On April 21, 1930, Perry filed his claim (No. 1586) in this court for service pay under the terms and provisions of the Military and Naval Code of this State. A hearing was had and an award entered allowing him $2.12½ per day for 323 days, being one-half of his service pay from August 12, 1928, to June 30, 1929; and payment of such amount was thereafter made to Dr. C. E. Ehle who had theretofore been appointed executor of the last will and testament of said Dudley E. Perry, whose death occurred while his case was pending in this court.

On October 10, 1931, said Dr. C. E. Ehle, executor as aforesaid, filed his claim in this court, seeking to recover service pay of said decedent from July 1, 1929, to the date of his death, to-wit, February 5, 1931.

Thereafter said Dr. C. E. Ehle was discharged as such executor and Roy Perry was duly appointed administrator de bonis non with the will annexed of the estate of said decedent.

Under section four (4) of Article sixteen (16) of the Military and Naval Code of this State, corporals in the National Guard received $4.25 per day for active service pay. Under Section ten (10) of the same article, any officer or enlisted man of the National Guard who may be disabled in any way, while on duty, so as to prevent his working at the occupation from which he gains his living, is entitled to medical treatment and to draw one-half of his active service pay,

for not to exceed thirty (30) days, on the certificate of the attending medical officer; if still disabled at the end of thirty days he is entitled to draw pay at the same rate, for such period as a board of three medical officers, convened by the order of the Commander in Chief, may determine to be right and just, but not to exceed six (6) months, unless approved by the Court of Claims.

The Attorney General asks that the claim be dismissed because of the amount heretofore paid, and because there are no dependents, deceased having left only collateral heirs.

It seems to us, however, that the liability of the respondent to the decedent was admitted by the order entered in the previous case; and the liability in this case follows as a necessary consequence. As we view it, the claim for decedent's service pay from July 1, 1929, to the date of his death, constitutes an asset of his estate, and the right thereto is not dependent upon the question as to whether his heirs were direct or collateral, or whether any of such heirs were dependent upon him for support.

Claimant is entitled to an award for one-half of decedent's service pay, to-wit, $2.12½ per day, from July 1, 1929, to the date of his death, February 5, 1931, to-wit, 584 days.

Award is therefore entered in favor of the claimant, Roy Perry, administrator *de bonis non* with the will annexed of the estate of Dudley E. Perry, deceased, for the sum of Twelve Hundred Forty-one Dollars ($1,241.00).